IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN MILLER,

    Plaintiff,

v.

DR. CHARLES LARSON, ET AL.,

    Defendants.

OPINION & ORDER

Case No. 15-cv-580-wmc

---

*Pro se* plaintiff John Miller asserts an Eighth Amendment excessive force claim against several staff members at the Fox Lake Correctional Institution ("FLCI"), all of which arise from defendants' attempts to remove an allegedly stolen ring from his finger. Miller currently has three motions before the court: (1) a Motion to Supplement Pleadings and for Reconsideration (dkt. #30); (2) a Motion to Enforce Decision (dkt. #29); and (3) a Motion to Add Scott Perkins as Defendant (dkt. # 52). Defendants have also filed their own motion for summary judgment on exhaustion grounds (dkt. # 40). For the reasons that follow, the court will deny Miller's motions and grant defendants' motion, effectively ending this lawsuit.

## I. Motion for Reconsideration (dkt. #30)

As for plaintiff Miller's motion for reconsideration of the order screening his complaint, the court denied him leave to proceed against Melvin Pulver after concluding that his request to amend still did not include any facts even suggesting Pulver was somehow involved in the ring removal. Miller now asserts that Pulver was sufficiently involved in the ring removal because (1) he called Miller to meet with him about the ring and (2) ordered him to go to HSU. Taking both allegations as true, however, Pulver's involvement was still

not sufficiently tied to the allegations of excessive force. To the contrary, while Miller alleges that he met Pulver and reported to HSU for the ring removal as directed, Pulver did *not* accompany him to HSU, nor did he participate in the ring removal, nor did he direct HSU to use any means necessary to remove the ring. As such, Pulver's involvement was insufficient to warrant reconsideration of the court's initial order. *See Lanigan v. Village of East Hazel Crest, Ill.*, 110 F.3d 467, 477 (7th Cir. 1997) (supervisor may be liable if he knows about and approves of conduct); *see City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989) (supervisor may be held liable if he had control over deficient training or flawed policies).

The court granted Miller leave to proceed on his claim that the HSU staff went too far in their attempts to remove the ring, not on the basis that the initial attempt to remove the ring was inappropriate. Nothing since then has suggested a broader claim exists. Accordingly, the court will once again deny Miller's request to include Pulver as a defendant in this lawsuit.

II.     **Motion to Enforce Decision (dkt. #29)**

Miller also filed a "Motion to Enforce Decision," in which he appears to ask the court to enforce a state court "Default and Failure to Defend" decision against the defendants in the amount of $150,000.00. He also again asks that the court recruit counsel on his behalf -- a request this court has already denied twice because it was not apparent that the complexities of this case exceed his abilities to litigate it without an attorney. *See Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

As for the first request, Miller cites to Dane County Circuit Court Case No. 15-cv-2036, stating that the defendants "conceded to medical malpractice" and "gross negligence." However, Miller's motion is based on a misunderstanding of the state court proceeding.

2

Indeed, the circuit court case Miller is referencing is the *same* case that is currently before this court. *See Miller v. Larson*, Case No. 2015CV2036, *available at* https://wcca.wicourts.gov (last visited May 16, 2017). The defendants properly removed that case to this court given that it presented a federal question -- whether defendants violated the Eighth Amendment of the U.S. Constitution. 28 U.S.C. §§ 1331, 1441.

Once receiving the notice of removal to federal court, the circuit court properly closed that matter due to a lack of jurisdiction. A decision of default, if any, by the state court was *not* a judgment on the merits, nor did it involve any sort of binding admission by the defendants that they were liable for any of the alleged acts in the complaint. As there is no judgment against defendants, Miller's request for enforcement of the state court decision must be denied.

As for his request for counsel, the court will again deny it because Miller still has not convinced the court that this matter is one in which appointment of counsel is appropriate. On the contrary, Miller's complaint is procedurally defective, something legal representation could not change.

III.     **Motion to Add Scott Perkins as Defendant (dkt. #52)**

In his last pending motion, Miller requests that the court permit him to proceed against Scott Perkins in this matter. While unclear, Miller's motion appears to be based on his having identified Perkins as an individual that was involved a fraudulent conspiracy, leading up to the allegedly unwarranted ring removal, which is the subject of his excessive force claim. Yet Miller does not allege -- and none of the documents he attaches explains -- how Perkins was personally involved in or responsible for the allegations of excessive force. At most, it appears that Perkins was an employee of the Monroe county sheriff department at

3

the time, and he may have contributed to the FLCI staff decision to remove the allegedly stolen ring from Miller by requesting that they recover the ring. Evan assuming that Perkins made that request, Miller may not proceed against him any more than against Pulver. Like Pulver, Perkins was not present for the ring removal attempts, nor did he participate in any alleged decision to do so using excessive force. Accordingly, this motion will also be denied.

IV. **Defendants' Motion for Summary Judgment**

A. **Exhaustion Requirement**

Finally, defendants seek judgment in their favor on the ground that Miller failed to exhaust his administrative remedies. Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally, a prisoner must "properly take each step within the administrative process" to comply with § 1997e(a). *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This not only includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), but filing all necessary appeals as well, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025.

The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). If a prisoner fails to exhaust his administrative remedies before filing his lawsuit, then the court must dismiss the case. *Perez v. Wisconsin Dept. of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Because exhaustion is an affirmative defense, however, defendants bear the

4

burden of establishing that plaintiff failed to exhaust. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

To exhaust administrative remedies in Wisconsin in particular, inmates like Miller must follow the inmate complaint review process set forth in the Wisconsin Administrative Code ch. DOC 310. Under these provisions, a prisoner starts the process by filing his complaint with the institution complaint examiner within 14 days after the occurrence giving rise to the complaint. Wis. Admin. Code § DOC 310.09(6). The complaint must "[c]ontain only one issue per complaint, and shall clearly identify the issue." *Id.* § 310.09(e).

If the institution complaint examiner rejects a grievance for procedural reasons without addressing the merits, an inmate may appeal the rejection. *Id.* § 310.11(6). If the complaint is not rejected, the institution examiner makes a recommendation on the complaint to the reviewing authority. *Id.* § 310.11(6). The offender complaint is then decided by the appropriate reviewing authority, whose decision can be appealed by the inmate to the correctional complaint examiner (corrections examiner). *Id.* §§ 310.12, 310.13. The corrections examiner then makes a recommendation to the Secretary of the Department of Corrections, who takes final action. *Id.* §§ 310.13, 310.14.

### B. Failure to file an Inmate Complaint About Use of Excessive Force

Here, Miller did file an inmate complaint regarding the incident, but his complaint did not address about the amount of force the defendants used in attempting to remove his ring. Rather, he complained about how the HSU handled his requests for documentation following the medical treatment he received after the incident. Here is exactly what he stated in that complaint:

> On 8/2/12, I was sent to the HSU by Cpt. Pulver to have my wedding ring removed. (Against my wishes.)
> I have requested documentation from HSU, but none has been provided.
> I have written Holly Meire, but no response yet.
> My complaint is that HSU tried to remove my wedding ring without my consent and has no documentation that they did so.

(Patten Decl., Ex. 1002, dkt. # 42, at 10.)

Renee Schueler, a complaint examiner, investigated Miller's complaint. She found that under applicable policy, prisoners must submit a disbursement request, then HSU staff has thirty days to process requests for copies. Because Miller filed his complaint on August 22, 2012, she determined that less than thirty days had passed since Miller submitted his request and, therefore, his grievance was premature. Accordingly, Schueler recommended that the complaint be dismissed. (*Id.* at 2.) On August 31, 2012, Gloria Marquardt reviewed and accepted Schueler's recommendation and dismissed the complaint, commenting that HSU staff should inform Miller of the number of pages included in his chart, so that Miller may submit a proper disbursement request. (*Id.* at 10.)

> Miller appealed Marquart's decision, stating as follows:
>
> The action does not resolve my complaint. Please see the attached documentation and draft affidavit for a planned civil filing. The Reviewer's Decision does not address the fact that documentation was never created for this incident. In my opinion, there is no documentation because what happened is illegal and staff is covering up a misdeed. I objected to, and withheld consent, to have my ring removed -- but staff did so anyway -- then, failed to document doing so. False or omitted data in a medical chart is, in [and] of itself, a felony. The HSU has provided "all of the documentation they have" even after a note from HSU on 8/3/12 indicates that they were "waiting on the doctor to sign off" on it. Further, the Decision does not address the unheralded personal injury occurring from staff's actions taken without my consent. Since I must exhaust all administrative remedies prior to filing a civil suit (or Notice of Claim,) I am filing this appeal. I plan to seek both civil and criminal charges against all those involved. As you can see, I have plenty of documentation, witnesses and statements. …

(*Id.* at 12-13.)  As reflected, Miller attached an affidavit in which he described the August 2, 2012, incident, including allegations about the attempts defendants Larson, Polenska, McMurray, Kast and Mulder made to remove his wedding ring from his finger.  (*Id.* at 14-21.)  The affidavit also described Miller's attempts to obtain documentation after the incident because he believed he needed to preserve evidence for a lawsuit.  (*Id.*)

On September 11, 2012, corrections complaint examiner Charles Facktor recommended that Miller's appeal be dismissed, concluding that the complaint examiner and reviewing authority's decision reasonably and appropriately addressed the complaint.  (Patten Decl., dkt. #42-2, at 5.)  The next day, Charles Cole accepted the recommendation and dismissed the appeal.  (*Id.* at 6.)

Miller does not dispute any of the facts related to the exhaustion process.  Rather, his position is that the inmate complaint he filed satisfied the exhaustion process because his appeal included the allegations related to his excessive force claim.  Unfortunately, Miller is wholly unable to point to anything in his original inmate complaint that suggests a possible excessive force-type claim, which is understandable since his original complaint sought redress *only* for his inability to obtain documentation about the ring removal process.  It was only during the course of his appeal, which still complained about the lack of documentation, that Miller first included allegations about the amount of force HSU staff used when attempting to remove the ring.

As technical as it may be, Miller's inclusion of force allegations at that point in the grievance process was insufficient to satisfy the DOC's exhaustion requirements.  For one, Miller did not raise any allegations of excessive force -- or even that he was injured -- in his inmate complaint, which this court has held to be insufficient to satisfy the exhaustion

7

requirement.  *See Malone v. Clark*, No. 04-C-229-C, 2004 WL 2504211, at *4 (W.D. Wis. Oct. 26, 2004).  In *Malone*, the court held that a prisoner failed to exhaust when he made a "passing reference" to a retaliation claim for the first time during the course of his appeal of the denial of his grievance.  The court reasoned that the exhaustion procedures required the plaintiff "to raise his claim initially in an inmate complaint and receive a decision on that complaint," and the failure to do so did not "alert the inmate complaint examiner of the claim."  *Id.* at *5.

Here, the face of Miller's inmate complaint included *nothing* that would indicate to ICE that he was complaining about the amount of force used.  Indeed, he only complained about how HSU failed to document the incident per his request.  Miller did not even include any allegations suggesting that he had been injured by HSU staff.  In fairness, Miller did include the assertion "that HSU tried to remove my wedding ring without my consent," but he completely omitted any facts suggesting that anyone from HSU staff injured him during the removal attempt.  While Miller's appeal certainly included language suggesting his intention to pursue an excessive force-type claim against HSU staff because of the "injury" he suffered, the apparent intent of his appeal was still to complain about the alleged lack of documentation.

Even if it were proper for Miller to raise a new claim at the appeal level, his appeal did not describe the ring removal process in sufficient detail to alert ICE that he was pursuing an excessive force claim.  Instead, his appeal still focused on HSU's alleged lack of documentation.  Ironically, Miller even acknowledged that the appeal was to "exhaust all administrative remedies prior to filing a civil suit," yet he never filed a timely, follow up

complaint after 30 days from his request for copies, much less a substantive complaint. Accordingly, he has not exhausted it.

### C. Failure to Pursue One Claim

Even assuming that the allegations in his appeal could be considered part of his initial grievance and sufficiently identified an excessive force claim, he still has not exhausted in compliance with Wisconsin's procedures. To comply with Wisconsin's grievance procedures, Miller could only include *one* claim in his grievance. *See* Wis. Admin. Code § DOC 310.09(e). Here, Miller filed one grievance, and thus was limited to one issue. Since his grievance expressly complained that prison staff refused to document the ring removal incident properly, Miller has only properly exhausted that documentation claim. Even in his appeal -- where Miller raised allegations arguably related to the amount of force used -- the *one issue* upon which he was clearly pursing relief was HSU's failure to comply with the documentation process.

In a similar scenario, the Seventh Circuit affirmed dismissal of an excessive force claim on exhaustion grounds. *Keller v. Rasmussen*, 90 Fed. Appx. 949, 951, 2004 WL 232074 (7th Cir. 2004) (unpubl.). The plaintiff in *Keller* had filed an inmate complaint following a physical altercation with prison staff in which he complained about the medical treatment received following the incident. The Seventh Circuit agreed with the district court that the plaintiff failed to exhaust his excessive force claim because the Wisconsin procedure limits inmate complaints to one issue, and the only issued identified in the prisoner's complaint related to medical care, not excessive force. *Id.* (citing Wis. Admin. Code § DOC 310.09(1)(e)).

9

Since it is apparent that Miller failed to raise his excessive force claim properly, he similarly failed to exhaust. Accordingly, defendants' motion for summary judgment will be granted.

ORDER

IT IS ORDERED that:

(1) Plaintiff John Miller's Motion to Enforce Decision (dkt. #29), Motion to Supplement Pleadings and for Reconsideration (dkt. #30), and Motion to Add Scott Perkins as Defendant (dkt. #52) are DENIED;

(2) Defendants' Motion for Summary Judgment (dkt. #40) is GRANTED, and this case is DISMISSED WITHOUT PREJUDICE for plaintiff's failure to exhaust his administrative remedies. The clerk of court is directed to enter judgment accordingly and close this case.

Entered this 16th day of May, 2017.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge