IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JOHN MILLER,

    Plaintiff,

v.

DR. CHARLES LARSON, ET AL.,

    Defendants.

OPINION AND ORDER

No. 15-cv-580-wmc

Previously the court granted *pro se* plaintiff John Miller leave to proceed on an Eighth Amendment excessive force claim against several staff members at the Fox Lake Correctional Institution ("FLCI"), all of which arise from defendants' attempts to remove an allegedly stolen ring from his finger. On May 16, 2017, the court granted defendants' motion for summary judgment because Miller failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Miller has filed a motion for reconsideration of that decision (dkt. #56), which, for the reasons that follow briefly, will be denied.

A party may file a motion for "reconsideration" under Federal Rule of Civil Procedure 59(e) to alter or amend a judgment. "To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) (internal quotation and citation omitted). Rule 59 is not a mechanism for raising theories or arguments that could have been presented before judgment was entered. *See Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 410 (7th Cir. 1999) ("Rule 59(e) may not be used to raise

novel legal theories that a party had the ability to address in the first instance."). Such a motion "must be filed no later than 28 days after the entry of the judgment." Here, Miller's motion was timely, having been filed 14 days after judgment was entered.

In granting defendants' motion for summary judgment, the court recognized that while Miller filed an inmate complaint about the incident that was the basis for this lawsuit, his complaint was related to his inability to obtain documentation about the removal of the ring from his figure without his consent, *not* that the individuals who removed it used excessive force. (*See generally* dkt. #54.) The court further acknowledged that while Miller's appeal of that complaint referenced the injury he suffered as a result of the attempted ring removal, the issue he was pursuing in his appeal of that grievance still related only to his attempts to obtain the documentation about it. Additionally, the court held that even if Miller's appeal was more explicit about his claim of excessive force, the inmate complaint review system requires inmates to limit their complaints to *one* issue, and thus to exhaust his excessive force claim, Miller would have had to file a *separate* grievance about it, rather than adding it into his documentation grievance.

Miller seeks reconsideration, but does not challenge any of the court's specific rulings, either factually or legally. Instead, Miller claims that he never received documentation from the health services unit about the incident and was never notified that he had to fill out a disbursement form for the medical record pages he needed. He explains that he sent the court everything he could relating to his alleged claims and expresses frustration that the defendants are attempting to derail his case. However, he has not submitted any evidence that the defendants, in fact, curbed his ability to access the

grievance system, nor has he provided any other basis for the court to question its conclusion that Miller failed to exhaust his administrative remedies related to his excessive force claim. Since Miller does not identify any basis for relief from the court's judgment under Rule 59(e), the court must deny Miller's motion for reconsideration.

ORDER

IT IS ORDERED that plaintiff John Miller's motion for reconsideration (dkt. #56) is DENIED.

Entered this 5th day of March, 2018.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge